IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD S. CURRIER,

    Plaintiff,

v.                                                                                    No. 1:22-cv-00274-LF

CITY OF SANTA FE,
SANTA FE PARKING VIOLATIONS BUREAU,
NOEL CORREIA, Supervisor,
PARK MOBILE APP CONTRACTOR,
SANTA FE INSURANCE COMPANY,
NEW MEXICO MUNICIPAL LEAGUE, and
FNU LNU, parking enforcement officers,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
ORDER FOR AMENDED COMPLAINT**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. 1983, Doc. 1, filed April 12, 2022, and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed April 12, 2022.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's total monthly income is $1,120.00; (ii) Plaintiff's monthly expenses total $1,085; and (iii) Plaintiff has $200.00 cash and $250.00 in a bank account. The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of these proceedings and because his monthly expenses are approximately equal to his monthly income.

**The Complaint**

This case arises from two parking citations Plaintiff received in the City of Santa Fe. Plaintiff alleges:

> he has been repeatedly harassed by Santa Fe Parking Violations Officers who now are refusing defendant of his right to substantive + procedural due process by finding him guilty of a parking citation 200735054, th[r]ough unlawfully construing the language of an "exigent parking" muni-ordinance which does not apply + and wrongfully "construed" in violation of Article 1, Section 9 + 10 of U.S. Constitution "ex post facto clause."
> ....
>
> Plaintiff [was] wrongfully cited after sign claiming 'No Parking' was recently installed. City wrote ticket on municipal ordinance involving prohibitions on 'exigent parking' like in crosswalks or railroad tracks ... the city ordinance applied does NOT specifically mention parking in a No Parking zone. Thus, Plaintiff

2

motioned to dismiss for lack of jurisdiction over person + subject matter but was "Denied" by ad hoc admin review with NO FURTHER APPEAL?

Complaint at 1, 5.  Plaintiff received the other parking citation, 200736605 after "Plaintiff received email from 'Park Mobile APP,' subcontractor for City of Santa Fe at 4:47 pm stating he had 15 minutes left to park.  However, at 4:52 pm Plaintiff was ticketed."  Complaint at 4.  Plaintiff does not state the dates he received the two citations, when he "appealed" the citations, or when he was "denied."  Plaintiff seeks $50,000.00 pursuant to 42 U.S.C. § 1983.  *See* Complaint at 6.

The Complaint fails to state a claim against the Parking Violations Officers pursuant to Section 1983 because Plaintiff does not indicate when they issued the citations or discuss the specific legal right secured under federal law that Plaintiff believes they violated. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").  Plaintiff alleges the Parking Violations Officers denied Plaintiff his "right to substantive + procedural due process by finding him guilty of a parking citation 200735054 th[r]ough unlawfully construing the language of an 'exigent parking' muni-ordinance."  Complaint at 2.

> The Due Process Clause of the Fourteenth Amendment prohibits the state from depriving any person of life, liberty, or property, without due process of law. Procedural due process ensures the state will not deprive a party of property without engaging fair procedures to reach a decision, while substantive due process ensures the state will not deprive a party of property for an arbitrary reason regardless of the procedures used to reach that decision.
> ....
> The essence of procedural due process is the provision to the affected party of *some* kind of notice and ... *some* kind of hearing.
> ....
> The Due Process Clause contains a substantive component that bars certain governmental actions regardless of the fairness of the procedures used to implement them ... When analyzing executive action, only the most egregious official conduct

3

> can be said to be arbitrary in the constitutional sense. Intentionally or recklessly causing injury through the abuse or misuse of governmental power is not enough. The actions "must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking.

*Onyx Properties LLC v. Bd. of County Comm'ers of Elbert County*, 838 F.3d 1039, 1043-49 (10th Cir. 2016) (citations and quotation marks omitted); *see also Rector v. City & Cty. of Denver*, 348 F.3d 935, 947 (10th Cir. 2003) ("It is well established ... that a state's violation of its own laws does not create a claim under § 1983").  The Complaint does not describe the notice or hearing the Parking Violations Officers should have provided Plaintiff. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Complaint fails to state a claim against Defendant Noel Correia, Parking Supervisor, pursuant to Section 1983 because there are no factual allegations regarding Defendant Correia. *See Nasious*, 492 F.3d at 1163.

> Section 1983 does not authorize respondeat superior liability for a supervisor based solely on the actions of his subordinates. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "[T]he three elements required to establish a successful § 1983 claim against a defendant based on his or her supervisory responsibilities [are]: (1) personal involvement[,] (2) causation, and (3) state of mind." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013); *see also Dodds*, 614 F.3d at 1199.

*Burke v. Regalado*, 935 F.3d 960, 997-998 (10th Cir. 2019).

The Complaint fails to state a claim against Defendant City of Santa Fe pursuant to Section 1983 because there are no factual allegations showing any City of Santa Fe employees committed a constitutional violation or that a City of Santa Fe policy or custom was the moving force behind the constitutional violations.  *See McLain v. Sheriff of Mayes County*, 595 Fed.Appx. 748, 753-754 (10th Cir. 2014) ("To hold a local government liable under § 1983, a plaintiff must prove: "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom

was the moving force behind the constitutional deprivation.") (citing *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1318 (10th Cir.1998) and *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978)).

The Complaint fails to state a claim against Defendant Santa Fe Parking Violation Bureau pursuant to Section 1983 because it is not a separate suable entity. "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 Fed.Appx. 904, 907 (10th Cir. 2010) (*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity).

The Complaint fails to state a claim against Defendant Park Mobile App Contractor pursuant to Section 1983 because there are no allegations that Defendant Park Mobile App Contractor violated a right secured under federal law. *See* 42 U.S.C. 1983 ("Every person who, under color of [state law] subjects ... any ... person ... to the deprivation of any rights ... secured by the Constitution and laws, shall be liable to the party injured").

It appears that Plaintiff is asserting claims against Santa Fe Insurance Company and New Mexico Municipal League. *See* Complaint at 3. The Complaint fails to state a claim against Santa Fe Insurance Company and New Mexico Municipal League pursuant to Section 1983 because there are no factual allegations regarding those Defendants. *See Nasious*, 492 F.3d at 1163.

**Proceeding** *in forma pauperis*

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint

5

filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim ... only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend"). While the Complaint can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend.

**Service on Defendant**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Complaint fails to state a claim upon which relief can be granted over which the Court has jurisdiction. The Court will order service if Plaintiff files: (i) an amended complaint that states a claim over which the Court has jurisdiction; and (ii) a motion for service which includes the address of each Defendant.

**IT IS ORDERED** that:

(i)   Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed April 12, 2022, is **GRANTED.**

(ii)  Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

_____
Laura Fashing
United States Magistrate Judge