IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD S. CURRIER,

    Plaintiff,

vs.                                                                                                        No. CIV 22-0274 JB\LF

CITY OF SANTA FE; SANTA FE PARKING
VIOLATIONS BUREAU; NOEL CORREIA,
*supervisor*; PARK MOBILE APP
CONTRACTOR; SANTA FE INSURANCE
COMPANY; NEW MEXICO MUNICIPAL
LEAGUE and FNU LNU, *parking enforcement
officers*,

    Defendants.

## **MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** comes before the Court, under 28 U.S.C. § 1915 and rule 12(b)(6) of the Federal Rules of Civil Procedure, on the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. 1983, filed April 12, 2022 (Doc. 1)("Complaint"). Plaintiff Richard S. Currier appears pro se. For the reasons set out below, the Court will dismiss this case with prejudice for failure to state a claim.

## **FACTUAL AND PROCEDURAL BACKGROUND**

This case arises from two parking citations that Currier received from the City of Santa Fe. See Complaint at 2-5. Currier alleges that

> he has been repeatedly harassed by Santa Fe Parking Violations Officers who now are refusing defendant of his right to substantive + procedural due process by finding him guilty of a parking citation 200735054, th[r]ough unlawfully construing the language of an "exigent parking" muni-ordinance which does not apply + and wrongfully "construed" in violation of Article 1, Section 9 + 10 of U.S. Constitution "ex post facto clause."
>
> . . . .

Plaintiff [was] wrongfully cited after sign claiming 'No Parking' was recently installed. City wrote ticket on municipal ordinance involving prohibitions on 'exigent parking' like in crosswalks or railroad tracks . . . . [T]he city ordinance applied does NOT specifically mention parking in a No Parking zone.  Thus, Plaintiff motioned to dismiss for lack of jurisdiction over person + subject matter but was "Denied" by ad hoc admin review with NO FURTHER APPEAL?[1]

---

[1]The Court could not find an "exigent parking" municipal ordinance for the City of Santa Fe.  The best that the Court can tell, Currier refers to City of Santa Fa ordinance § 12-6-6.1, which states, in pertinent part:

A.  No person shall stop, stand or park a vehicle, except when necessary to avoid conflict with other traffic or in compliance with law or the directions of a police officer or traffic-control device, in any of the following places:

  (1) on a sidewalk;

  (2) in front of a public or private driveway;

  (3) within an intersection;

  (4) within fifteen feet of a fire hydrant;

  (5) **on a crosswalk**;

  (6) within twenty feet of a crosswalk at an intersection;

  (7) within thirty feet upon the approach to any flashing beacon, stop sign, or traffic-control signal located at the side of a street;

  (8) between a safety zone and the adjacent curb or within thirty feet of points on the curb immediately opposite the end of a safety zone, unless the traffic authority indicates a different length by signs or markings;

  (9) **within fifty feet of the nearest rail of a railroad crossing**;

  . . . .

  (14) at any place where official signs prohibit stopping (66-7-351 NMSA 1978);

  . . . .

Complaint at 1, 5.  Currier received the other parking citation, 200736605, after the "Plaintiff received email from 'Park Mobile APP,' subcontractor for City of Santa Fe at 4:47 pm stating he had 15 minutes left to park.  However, at 4:52 pm Plaintiff was ticketed."  Complaint at 4.  Currier does not state the dates he received the two citations, when he appealed the citations, or when his appeal was denied.  See Complaint at 4-6.  Currier seeks $50,000.00 under 42 U.S.C. § 1983.  See Complaint at 6.

Currier also filed a Motion to proceed in forma pauperis under 28 U.S.C. § 1915.  See Application to Proceed in District Court Without Prepaying Fees or Costs, filed April 12, 2022 (Doc. 2)("IFP Motion").  The Honorable Laura Fashing, United States Magistrate Judge for the United States District Court for the District of New Mexico: (i) granted Currier's Motion to proceed in forma pauperis; (ii) notified Currier that the Complaint failed to state a claim upon which relief can be granted; (iii) gave Currier leave to file an amended complaint; and (iv) notified Currier that failure to file timely an amended complaint may result in dismissal of this case.  See Memorandum Opinion and Order Granting Motion to Proceed In Forma Pauperis and Order for Amended Complaint at 2-6, filed April 18, 2022 (Doc. 5)("Order").

Magistrate Judge Fashing notifies Currier that the Complaint fails to state a claim against the Parking Violations Officers pursuant to § 1983, because the

> Plaintiff does not indicate when they issued the citations or discuss the specific legal right secured under federal law that Plaintiff believes they violated. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007)("[T]o state a claim in federal court, a complaint

---

Santa Fe, N.M., Code § 12-6-6.1 (March 9, 2011)(emphasis added).  N.M.S.A. § 66-7-351 contains the same provisions as §§ 12-6-6.1(1) to (14); the Santa Fe ordinance contains two additional provisions not relevant here.  See N.M.S.A. § 66-7-351; Santa Fe, N.M., Code §§ 12-6-6.1(15) to (16).

must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").  Plaintiff alleges the Parking Violations Officers denied Plaintiff his "right to substantive + procedural due process by finding him guilty of a parking citation 200735054 th[r]ough unlawfully construing the language of an 'exigent parking' muni-ordinance." Complaint at 2.

> The Due Process Clause of the Fourteenth Amendment prohibits the state from depriving any person of life, liberty, or property, without due process of law.  Procedural due process ensures the state will not deprive a party of property without engaging fair procedures to reach a decision, while substantive due process ensures the state will not deprive a party of property for an arbitrary reason regardless of the procedures used to reach that decision.
>
> . . . .
>
> The essence of procedural due process is the provision to the affected party of *some* kind of notice and . . . *some* kind of hearing.
>
> . . . .
>
> The Due Process Clause contains a substantive component that bars certain governmental actions regardless of the fairness of the procedures used to implement them . . . . When analyzing executive action, only the most egregious official conduct can be said to be arbitrary in the constitutional sense. Intentionally or recklessly causing injury through the abuse or misuse of governmental power is not enough. The actions "must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking.

*Onyx Properties LLC v. Bd. of County Comm'ers of Elbert County*, 838 F.3d 1039, 1043-49 (10th Cir. 2016) (citations and quotation marks omitted); *see also Rector v. City & Cty. of Denver*, 348 F.3d 935, 947 (10th Cir. 2003)("It is well established ... that a state's violation of its own laws does not create a claim under § 1983"). The Complaint does not describe the notice or hearing the Parking Violations Officers should have provided Plaintiff. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Order at 3-4 (emphases in Onyx Props. LLC v. Bd. Of Cnty Comm'ers)(alteration in Order, but not in Hall v. Bellmon, 935 F.2d at 1106).

Magistrate Judge Fashing notified Currier that the Complaint does not state a claim against Defendant Noel Correia, Parking Supervisor, pursuant to § 1983, because

> there are no factual allegations regarding Defendant Correia. *See Nasious*, 492 F.3d at 1163.
>
> > Section 1983 does not authorize respondeat superior liability for a supervisor based solely on the actions of his subordinates. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 . . . (1978). "[T]he three elements required to establish a successful § 1983 claim against a defendant based on his or her supervisory responsibilities [are]: (1) personal involvement[,] (2) causation, and (3) state of mind." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013); *see also Dodds*, 614 F.3d at 1199.
>
> *Burke v. Regalado*, 935 F.3d 960, 997-98 (10th Cir. 2019).

Order at 4.

Magistrate Judge Fashing notifies Currier that the Complaint does not state a claim against Defendant City of Santa Fe pursuant to § 1983, because

> there are no factual allegations showing any City of Santa Fe employees committed a constitutional violation or that a City of Santa Fe policy or custom was the moving force behind the constitutional violations. *See McLain v. Sheriff of Mayes County*, 595 Fed. Appx. 748, 753-754 (10th Cir. 2014)("To hold a local government liable under § 1983, a plaintiff must prove: "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation.")(citing *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1318 (10th Cir.1998) and *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978)).

Order at 4-5.   Magistrate Judge Fashing notifies Currier that the Complaint does not state a claim against Defendant Santa Fe Parking Violation Bureau under § 1983, because

> it is not a separate suable entity. "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 Fed. Appx. 904, 907 (10th Cir. 2010)(*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985)(holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity).

Order at 5.

Magistrate Judge Fashing notifies Currier that the Complaint does not state a claim against Defendant Park Mobile App Contractor pursuant to § 1983, because

> there are no allegations that Defendant Park Mobile App Contractor violated a right secured under federal law. *See* 42 U.S.C. [§] 1983 ("Every person who, under color of [state law] subjects . . . any . . . person . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured").

Order at 5.

Magistrate Judge Fashing states:

> It appears that Plaintiff is asserting claims against Santa Fe Insurance Company and New Mexico Municipal League. *See* Complaint at 3. The Complaint fails to state a claim against Santa Fe Insurance Company and New Mexico Municipal League pursuant to Section 1983 because there are no factual allegations regarding those Defendants. *See Nasious*, 492 F.3d at 1163.

Order at 5. Currier did not file an amended complaint by the May 9, 2022, deadline.

## **LAW REGARDING PRO SE LITIGANTS**

When a party proceeds pro se, a court construes his or her pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "[I]f the Court can reasonably read the pleadings to state a valid claim on which [the plaintiff] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110. The Court, however, will not, "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110. "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

## LAW REGARDING SUA SPONTE DISMISSAL UNDER RULE 12(b)(6)

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)("Twombly"). A district court should not dismiss a pro se complaint under rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6). While dismissal under rule 12(b)(6) generally follows a motion to dismiss, a court's sua sponte dismissal of a complaint under rule 12(b)(6) is not an error if it is "'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" Curley v. Perry, 246 F.3d 1278, 1282 (10th Cir. 2001)(quoting Hall v. Bellmon, 935 F.3d 1106, 1110 (10th Cir. 1991)).

## LAW REGARDING PROCEEDINGS IN FORMA PAUPERIS

The statute for in forma pauperis ("IFP") proceedings, 28 U.S.C. § 1915(a), provides that a district court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> "When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]"

Menefee v. Werholtz, 368 F. App'x 879, 884 (10th Cir. 2010)(unpublished)[2](quoting Ragan v. Cox, 305 F.2d 58, 60 (10th Cir. 1962)).  "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." Scherer v. Kansas, 263 F. App'x 667, 669 (10th Cir. 2008)(unpublished)(citing Holmes v. Hardy, 852 F.2d 151, 153 (5th Cir. 1988)).  "'The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs . . . .'"  Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 344 (1948)(quoting Clark v. United States, 57 F.2d 214, 216 (W.D. Mo. March 16, 1932)(Otis, J.)).  While a litigant need not be "absolutely destitute . . .[,] an affidavit is sufficient which states that one cannot because of his poverty 'pay or give security for the costs . . . and still be able to provide' himself and dependents 'with the necessities of life.'"  Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. at 339 (no citation for quotation).  While the district court should not deny a person the opportunity to proceed under 28 U.S.C. § 1915(a) simply because he or she is not "absolutely destitute," the court may deny permission for a person to proceed IFP where his or her monthly income exceeds his or her monthly expenses by a few hundred dollars.  Brewer v.

---

[2]Menefee v. Werholtz is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . And we have generally determined that citation to unpublished opinions is not favored.  However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court finds that Menefee v. Werholtz, Scherer v. Kansas, 263 F. App'x 667 (10th Cir. 2008), Brewer v. City of Overland Park Police Dep't, 24 F. App'x 977 (10th Cir. 2002), and Hinton v. Dennis, 362 F. App'x 904 (10th Cir. 2010), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

City of Overland Park Police Dep't, 24 F. App'x 977, 979 (10th Cir. 2002)(unpublished)(stating that a litigant whose monthly income exceeded his monthly expenses by a few hundred dollars according to his own accounting appeared to have sufficient income to pay filing fees, and, thus, was not entitled to IFP status).[3]

The district court may grant a motion to proceed IFP even if the complaint fails to state a claim and the court must thereby dismiss the complaint under 28 U.S.C. § 1915(e)(2).  See Buchheit v. Green, 705 F.3d 1157, 1160-61 (10th Cir. 2012)("There is simply nothing in the language of the statute [regarding IFP proceedings, 28 U.S.C. § 1915,] indicating that such a dismissal must occur before the grant of a motion to proceed IFP.").

> [I]f an application to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S.C.A. § 1915(a) leave to proceed should be granted, and then, if the court discovers that the action is frivolous or improper or that the allegations of poverty are untrue, it can dismiss the proceeding under 28 U.S.C.A. § 1915(d).

Oughton v. United States, 310 F.2d 803, 804 (10th Cir. 1962)(citing Ragan v. Cox, 305 F.2d at 58).

The district court has the discretion to dismiss an IFP complaint sua sponte under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted."  28 U.S.C. § 1952(e)(2).  The district court also may dismiss a complaint sua sponte under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and

---

[3]At the time of the ruling in Brewer v. City of Overland Park Police Department, the filing fee for the appeal was $100.00.  See 28 U.S.C. § 1913 (2001) Judicial Conference Schedule of Fees.  Brewer's monthly income exceeded his monthly expenses by $242.00.  See Brewer v. City of Overland Park Police Dep't, No. 01-3055, Appellant's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees at 3-7 (10th Cir. May 11, 2001).

allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d at 1109 (quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. In reviewing the complaint, the district court applies the same legal standards applicable to pleadings that an attorney drafts, but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

### **LAW REGARDING 42 U.S.C. § 1983**

Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable . . . .

42 U.S.C. § 1983. Section 1983 creates only the right of action; it does not create any substantive rights; substantive rights must come from the Constitution of the United States of America or from a federal statute. See Nelson v. Geringer, 295 F.3d 1082, 1097 (10th Cir. 2002)("[S]ection 1983 'did not create any substantive rights, but merely enforce[s] existing constitutional and federal statutory rights . . . .'" (second alteration added in Nelson v. Geringer)(quoting Ellis v. Univ. of Kan. Med. Ctr., 163 F.3d 1186, 1197 (10th Cir. 1998))). Section 1983 authorizes an injured person to assert a claim for relief against a State official who, acting under color of State law, violated the claimant's federally protected rights. To state a claim upon which relief can be granted under § 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who

deprived the plaintiff of that right acted under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).  The Court has noted:

> [A] plaintiff "must establish (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia.

Schaefer v. Las Cruces Pub. Sch. Dist., 716 F. Supp. 2d 1052, 1063 (D.N.M. 2010)(Browning, J.)(second alteration in original)(quoting Martinez v. Martinez, No. CIV 09-0281 JB/KBM, 2010 WL 1608884, at *11 (D.N.M. March 30, 2010)(Browning, J.)).

The Supreme Court of the United States of America has clarified that, in alleging a § 1983 action against a government agent in their individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Consequently, there is no respondeat superior liability under § 1983.  See Ashcroft v. Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens*[4] and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997).  Entities cannot be held liable solely on the basis of the existence of an employer-employee relationship with an alleged tortfeasor.  See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 689 (1978).  Supervisors can be held

---

[4]In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)("Bivens"), the Supreme Court held that a violation of the Fourth Amendment of the Constitution "by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct." 403 U.S. at 389.  Thus, in a Bivens action, a plaintiff may seek damages when a federal officer acting in the color of federal authority violates the plaintiff's constitutional rights.  See Bivens, 403 U.S. at 389.  See also Ashcroft v. Iqbal, 556 U.S. at 675-76 (stating that Bivens actions are the "federal analog" to § 1983 actions).

liable only for their own unconstitutional or illegal policies, and not for their employees' tortious acts.  See Barney v. Pulsipher, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

The United States Court of Appeals for the Tenth Circuit recognizes that non-supervisory defendants may be liable if they knew or reasonably should have known that their conduct would lead to the deprivation of a plaintiff's constitutional rights by others, and an unforeseeable intervening act has not terminated their liability.  See Martinez v. Carson, 697 F.3d 1252, 1255 (10th Cir. 2012); Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 2006).  The Tenth Circuit also recognizes that Ashcroft v. Iqbal limited, but did not eliminate, supervisory liability for government officials based on an employee's or subordinate's constitutional violations.  See Garcia v. Casuas, No. CIV 11-0011 JB/RHS, 2011 WL 7444745, at *25-26 (D.N.M. Dec. 8, 2011)(Browning, J.)(citing Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010)).  The language that may have altered the landscape for supervisory liability in Ashcroft v. Iqbal is: "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Ashcroft v. Iqbal, 556 U.S. at 676.  The Tenth Circuit in Dodds v. Richardson states:

> Whatever else can be said about *Iqbal*, and certainly much can be said, we conclude the following basis of § 1983 liability survived it and ultimately resolves this case: § 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which "subjects, or causes to be subjected" that plaintiff "to the deprivation of any rights . . . secured by the Constitution . . . ."

614 F.3d at 1199 (quoting 42 U.S.C. § 1983).  The Tenth Circuit notes, however, that "*Iqbal* may very well have abrogated § 1983 supervisory liability as we previously understood it in this circuit in ways we do not need to address to resolve this case."  Dodds v. Richardson, 614 F.3d at 1200.

It concludes that Ashcroft v. Iqbal did not alter "the Supreme Court's previously enunciated § 1983 causation and personal involvement analysis."  Dodds v. Richardson, 614 F.3d at 1200.  More specifically, the Tenth Circuit recognizes that there must be "an 'affirmative' link . . . between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy . . . -- express or otherwise -- showing their authorization or approval of such misconduct.'"  Dodds v. Richardson, 614 F.3d at 1200-01 (quoting Rizzo v. Goode, 423 U.S. 362, 371 (1976)).

The specific example that the Tenth Circuit uses to illustrate this principle is Rizzo v. Goode, where the plaintiff sought to hold a mayor, a police commissioner, and other city officials liable under § 1983 for constitutional violations that unnamed individual police officers committed.  See Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371).  The Tenth Circuit notes that the Supreme Court in that case found a sufficient link between the police misconduct and the city officials' conduct, because there was a deliberate plan by some of the named defendants to "'crush the nascent labor organizations.'"  Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371).

## **ANALYSIS**

Having carefully reviewed the Complaint, and the relevant law, the Court will dismiss this case with prejudice for failure to state a claim.  The Complaint does not state a § 1983 claim against Parking Violations Officers for due process violations, because Currier does not describe what, if any, notice or hearing the Parking Violations Officers should have provided Currier.  See West v. Atkins, 487 U.S. 42, 48 (1988)(holding that, to state a claim upon which relief can be granted under § 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that right acted under color of state law.).  The Complaint does not state a § 1983 claim against Correia, the Parking Supervisor, because there are no factual

allegations regarding Correia, and because § 1983 does not authorize respondeat superior liability based solely on the actions of his subordinates. See Ashcroft v. Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

The Complaint does not state a § 1983 claim against the City of Santa Fe, because there are no factual allegations showing that an official City of Santa Fe custom, policy, or practice caused the alleged violation of Currier's constitutional rights. See Monell v. Dep't of Soc. Serv. of City of New York, 436 U.S. at 692 (holding that § 1983 "plainly imposes liability on a government that, under color of some official policy, 'causes' an employee to violate another's constitutional rights" (quoting 42 U.S.C. § 1983)). The Complaint does not state a § 1983 claim against Santa Fe Parking Violation Bureau, because there are no factual allegations indicating that Santa Fe Parking Violation Bureau is a separate suable entity. See Hinton v. Dennis, 362 F. App'x 904, 907 (10th Cir. 2010)(unpublished)("Generally, governmental sub-units are not separate suable entities that may be sued under § 1983.")(citing Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985)(holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity)). The Complaint does not state a § 1983 claim against Park Mobile App Contractor, because there are no allegations that Park Mobile App Contractor violated a right secured under federal law. See West v. Atkins, 487 U.S. at 48. The Complaint does not state a § 1983 claim against Defendants Santa Fe Insurance Company and New Mexico Municipal League, because there are no factual allegations regarding those Defendants. See Twombly, 550 U.S. at 570 (stating that a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face").

As to Count I, Currier contests that the Santa Fe Parking Bureau incorrectly denied his appeal of Parking Citations 200735054 and 200736605.  See Complaint at 2-4.  In the absence of any constitutional violations, Currier's remedy lies not with the Court, but with the State district court, pursuant to Rule 1-074 NMRA.  See City of Santa Fe, N.M. Code § 12-9-4.5(B)(4)("If an appeal is denied by the hearing officer, the appellant may file an appeal in the first judicial district court, county of Santa Fe, under Rule 1-074 NMRA.").[5]

---

[5] Rule 1-074 provides, in part:

C.  Filing appeal. When provided or permitted by law, an aggrieved party may appeal a final decision or order of an agency by:

  (1)  filing with the district court a notice of appeal with proof of service that a copy of the notice has been served in accordance with Subparagraph (1) of Paragraph F of this rule; and

  (2)  promptly filing with the agency a copy of the notice of appeal that has been endorsed by the clerk of the district court.

D.  Content of the notice of appeal. The notice of appeal shall specify:

  (1)  each party taking the appeal;

  (2)  each party against whom the appeal is taken;

  (3)  the name and address of appellate counsel if different from the person filing the notice of appeal; and

  (4)  any other information required by the law providing for the appeal to the district court.

    A copy of the order or decision of the agency appealed from, showing the date of the order or decision, shall be attached to the notice of appeal filed in the district court.

E.  Time for filing appeals. Unless a specific time is provided by law or local ordinance, an appeal from an agency shall be filed in the district court within thirty (30) days after the date of the final decision or order of the agency. If a timely notice of appeal is filed by a party, any other party may file a notice

As to Count II, regarding Parking Citations 200735054, it appears that Currier parked in a spot that the City recently marked as a "no parking" spot and the City gave him a ticket. Complaint at 5. Currier contends that this action violates the Constitution's Ex Post Facto Clause. See Complaint at 2 (citing U.S. Const. art. I, § 10). The Ex Post Facto Clause "flatly prohibits retroactive application of penal legislation" and "ensures that individuals have 'fair warning' about the effect of criminal statutes." Landgraf v. Usi Film Prods., 511 U.S. 244, 266 (1994)(quoting Weaver v. Graham, 450 U.S. 24, 28 (1981)). See Andrew v. Schlumberger Tech. Corp., 808 F. Supp. 2d 1288, 1293 (D.N.M. 2011)(Browning, J.). Here, the law under which Currier was ticketed already existed when he was ticketed, assuming he was ticketed after March 9, 2011, when the City of Santa Fe adopted the ordinance. See City of Santa Fe, Uniform Traffic Ordinance 2021 Compilation Preface at 3 (March 2021), https://www.santafenm.gov/santa_fe_uniform_traffic_ordinance; Complaint at 1-6. Furthermore, Currier does not allege that the spot was not marked as "No Parking" when he parked in the spot. Thus, Currier does not allege facts to support his claim that the Defendants violated the Ex Post Facto Clause.

Magistrate Judge Fashing, after notifying Currier that the Complaint does not state § 1983 claims, ordered Currier to file an amended complaint. See Order at 6. The deadline to amend was May 9, 2022. See Order at 6. Currier has not filed an amended complaint or otherwise respond

---

of appeal within ten (10) days after the date on which the first notice of appeal was served or within the time otherwise prescribed by this rule, whichever period expires last. The three (3) day mailing period set forth in Rule 1-006 NMRA does not apply to the time limits set forth in this paragraph. A notice of appeal filed after the announcement of a decision by an agency, but before the decision or order is issued by the agency, shall be treated as timely filed.

1-074 NMRA.

to Magistrate Judge Fashing's Order.  The Court therefore will dismiss this action with prejudice pursuant to rule 12(b)(6) and 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. 1983, filed April 12, 2022 (Doc. 1), is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Richard S. Currier
Carlsbad, California

 *Plaintiff pro se*